IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERT WAYNE MCINNIS,**

      **Plaintiff,**

**v.**                                **No. CIV 03-45 JH/RLP**

**JAMES G. ROCHE, Secretary
Department of the Air Force,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Robert Wayne McInnis' Petition of this Court to Reconsider Plaintiff's Order in the Denying of Plaintiff's Request to Introduce New Discovery, filed October 14, 2004 [Doc. No. 29]. The Order that McInnis requests this Court to reconsider was filed August 19, 2004 [Doc. No. 26]. McInnis' petition is handwritten and 98 pages long.

McInnis is representing himself in this matter and alleges, *inter alia,* that he was the victim of racial discrimination and retaliation. "Although a pro se litigant's pleadings are entitled to a liberal construction, he must follow the rules of federal . . . procedure," together with this Court's local rules. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir.1994). Here, McInnis has failed to follow a number of the applicable rules of civil procedure. Thus, his petition for reconsideration will be denied not only on the merits but also because of procedural defects. McInnis is advised that should he continue to represent himself in this matter, he must review and adhere to the local and federal rules of civil procedure before filing any additional motions. To do otherwise risks sanctions.

1

First, McInnis failed to request concurrence from the defendant before filing his motion. After requesting concurrence, the movant must recite in the motion that concurrence was refused or explain why concurrence could not be obtained. "A motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M. LR-Civ 7.4(a). Because McInnis did not recite that he had made a good-faith attempt to obtain concurrence before filing his motion, it is subject to denial on this basis alone.

Second, McInnis' petition exceeded the number of pages that the local rules permit. The combined length of a motion and supporting brief "must not exceed twenty-seven (27) double spaced pages." D.N.M. LR-Civ. 7.7. Based on this rule, the Court need not read beyond the first 27 pages and has not done so in this matter. Thus, should McInnis insist on filing motions that exceed the page limit, he is advised that the Court will only consider the first 27 pages in accordance with the local rules.

Third, McInnis waited almost two months before filing his motion to reconsider the Court's August 19, 2004 Order. Some courts will consider a motion to reconsider that is filed within ten days after entry of the Order in dispute. However, the Federal Rules of Civil Procedure do not expressly recognize a motion to reconsider.

The Court can construe such a motion in one of two ways. *See* Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir.1995). If the motion is filed within ten days of the district court's entry of judgment, it is treated as a Rule 59(e) motion to alter or amend the judgment. *See Id.* When it is filed more than ten days after entry of judgment, it is treated as a Rule 60(b) motion for relief from judgment. *See Id.* Because of the two-month lapse, the Court will construe McInnis' petition as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

District courts have "substantial discretion in connection with a Rule 60(b) motion." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir.1990). Such relief, however, is "extraordinary and may only be granted in exceptional circumstances." Servants of the Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir.2000) (citations omitted). The following are grounds that warrant a motion to reconsider: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Id. at 1012. Accordingly, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id. Absent extraordinary circumstances, "revisiting the issues already addressed 'is not the purpose of a motion to reconsider' " filed under Rule 60(b). Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied,* 506 U.S. 828 (1992).

Here, even if McInnis had complied with the rules of civil procedure, he cannot succeed on the merits. The first 27 pages do not demonstrate an intervening change in the controlling law, new evidence that previously was not available or any need to correct clear error or to prevent manifest injustice. Indeed, most of the first 27 pages are redundant, repetitive and circular, if not nonsensical. In addition, the first 27 pages repeat allegations and argument contained in both McInnis' initial Complaint and his previously filed motion that was denied. McInnis did not show that the court misapprehended the facts, his position or the controlling law.

For all of the above-stated reasons, McInnis' petition for reconsideration is denied.

IT IS THEREFORE ORDERED that Plaintiff McInnis' Petition of this Court to Reconsider Plaintiff's Order in the Denying of Plaintiff's Request to Introduce New Discovery [Doc. No. 29] is DENIED.

                                                                      Richard L. Puglisi
                                                     United States Magistrate Judge